

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| ROGINALD CHARLES SMILEY,         § | |
| Petitioner,         § | |
| § | |
| vs.         § | Civil Action No. 8:19-03419-MGL |
| § | |
| WARDEN W.E. MACKELBURG,         § | |
| Respondent.         § | |
| § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND DISMISSING PETITIONER'S PETITION WITHOUT PREJUDICE**

Petitioner Roginald Charles Smiley (Smiley), proceeding pro se, filed this action asserting a habeas corpus claim under 28 U.S.C. § 2241. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Smiley's petition be dismissed without prejudice and without requiring Respondent Warden W.E. Mackelburg (Mackelburg) to file a return. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The Court need not conduct a de

novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b).

The Magistrate Judge filed the Report on January 10, 2020. The Clerk entered Smiley's Objections to the Report (Objections) on January 27, 2020. The Clerk entered Smiley's supplement to his Objections (Supplement) on January 31, 2020. The Court has reviewed the Objections and Supplement but holds them to be without merit. It will therefore enter judgment accordingly.

The Court, liberally construing Smiley's filings, identifies two objections. First, he argues the Magistrate Judge incorrectly extended *United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018), to limit jurisdiction over claims a sentence exceeds a statutory maximum. Second, Smiley contends *Deschamps v. United States*, 570 U.S. 254 (2013), was made retroactive by *Mays v. United States*, 817 F.3d 728 (11th Cir. 2016), qualifying as a change in the law. In his Supplement, however, Smiley concedes he has no claim under *Deschamps*. Accordingly, the Court will address only his first objection.

Section 2255's savings clause "provides a means for petitioners to apply for a traditional writ of habeas corpus pursuant to § 2241." *Wheeler*, 886 F.3d at 422. The clause dictates a writ for habeas corpus "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

"[T]he savings clause is a jurisdictional provision." *Wheeler*, 886 F.3d at 423. The saving clause's jurisdictional analysis applies to challenges, under § 2241, alleging "fundamental

sentencing errors." *Id.* at 428.  Thus, a petitioner must meet the requirements of the savings clause for the Court to have jurisdiction over a § 2241 claim.

On issues of sentencing, § 2255 is inadequate or ineffective

when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*Id.* at 429.

Smiley's objection fails to address the Magistrate Judge's application of the above criteria to his case and the Court finds no error in that analysis.  Rather, Smiley challenges whether the saving clause analysis can divest the Court of jurisdiction over a claim alleging a sentence above a statutory maximum.

As the Court discussed above, the savings clause analysis applies to all habeas challenges raised under § 2241, including Smiley's petition.  Because Smiley fails to meet the requirements of the savings clause, the Court lacks jurisdiction to consider his habeas challenge.  Accordingly, the Court will overrule Smiley's objection.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Smiley's objections, adopts the Report, and incorporates it herein.  Therefore, it is the judgment of the Court Smiley's petition is **DISMISSED WITHOUT PREJUDICE** and without requiring Mackelburg to file a return.

To the extent Smiley requests a certificate of appealability from this Court, that certificate is **DENIED**.

**IT IS SO ORDERED.**

Signed this 23rd day of June 2020 in Columbia, South Carolina.

                                              s/ Mary Geiger Lewis
                                              MARY GEIGER LEWIS
                                              UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within sixty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.